**\*\* E-filed September 1, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID B. SHERMAN and DORIS G. SHERMAN,<br><br>　　　　Plaintiffs,<br>　v.<br><br>WASHINGTON MUTUAL; CHASE MORGAN BANK; KELLEY YOUMANS, DAVID LYNG & ASSOCIATES; DAVID DETESO; and DOES 1–100, inclusive,<br><br>　　　　Defendants. | No. C09-02779 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 4] |

　　　　Pro se plaintiffs David and Doris Sherman purchased a home in Watsonville, California in September 2004 using an adjustable-rate loan from Washington Mutual. The loan was secured by a deed of trust on the property with Washington Mutual as the beneficiary. In March 2009, plaintiffs sued defendants Washington Mutual and JP Morgan Chase Bank[1] in Santa Cruz County Superior Court, pleading one federal and eight state claims for relief. However, plaintiffs did not serve the defendants with the complaint; defendants instead learned of the action in June 2009 from the foreclosure trustee. Defendants removed the case to federal court and now move to dismiss the Shermans' complaint for failure to state a claim, or in the alternative, for summary judgment. The Shermans did not file any response to this motion or appear at the motion hearing, and they have not

---

[1] Plaintiffs also sued David Deteso and Kelley Youmans, David Lyng & Associates. These defendants have not appeared in the instant proceedings, and the court has no information as to whether they were served with the complaint in state court.

consented to magistrate jurisdiction.[2]  Consequently, the undersigned makes the following report and recommendation.

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Yet only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Accordingly, the complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

### A.  Request for Judicial Notice

The defendants request that the court take judicial notice of documents filed with the Santa Cruz County Recorder's office describing plaintiffs' deed of trust and associated riders. (Request for Judicial Notice Exs. 1–4.) The court may properly grant this request as such recorded documents are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).

### B.  Claim Two: Truth in Lending Act ("TILA")

The Shermans allege that defendants "failed to make disclosures mandated by [TILA]" when they applied for their loan. (Compl. ¶ 14.) They also claim that "during the year prior" to filing the action, defendants also failed to make mandatory disclosures under TILA. (Compl. ¶ 15.) Defendants argue that the court should dismiss the TILA claim for failure to state a claim upon which relief can be granted because plaintiffs brought it beyond TILA's statute of limitation.

The statute of limitation for damage actions brought under TILA is "one year from the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has interpreted this to mean

---

[2] The court has been unable to make contact with the plaintiffs concerning the instant motion using the contact and service information they provided on their complaint. Notices mailed to plaintiffs' address were returned as undeliverable and unable to forward on August 6, 2009 and August 14, 2009, and calls to their telephone number have gone unanswered.

that absent equitable tolling, the statute "runs from the date of the consummation of the transaction." *King v. California*, 487 F.2d 910, 915 (9th Cir. 1986). Yet even where a plaintiff claims equitable tolling, the general nature of the transaction, along with disclosure statements, can place plaintiffs "on notice of the possible existence of a claim." *Kay v. Wells Fargo Bank*, 247 F.R.D. 572, 578 (N.D. Cal. 2007).

Plaintiffs claim that they made an application for a "loan collateralized by real property" around June 2006. (Compl. ¶¶ 9, 14.) However, the deed of trust for the subject real property, as recorded with the Santa Cruz County Recorder, indicates that the plaintiffs received their loan in September 2004, and that it was this deed that was foreclosed upon in October 2007. (Request for Judicial Notice Exs. 1, 4; Compl. ¶ 37.) Even if the plaintiffs took out a separate, unknown loan in 2006, they still did not file suit alleging a TILA violation until more than one year later, in March 2009. The Shermans do not claim that they consummated any other transactions with defendants in the year prior to filing suit, and the Ninth Circuit rejects a continuing violation theory to toll TILA's statute of limitation. *King*, 487 F.2d at 914. Furthermore, at the time of their mortgage, both plaintiffs signed a document prominently labelled as an "Adjustable Rate Rider" that provided the initial interest rate and how that rate would change over time. (Request for Judicial Notice Ex. 1.) This rider would have placed plaintiffs on notice of a possible nondisclosure claim, and they do not allege any other actions by defendants that could toll TILA's statute of limitation.

**C.   Remaining Claims**

The remaining claims in plaintiffs' complaint are all state law claims. The court may decline to exercise supplemental jurisdiction over these state law claims until the plaintiffs adequately plead a federal claim. *See* 28 U.S.C. § 1367.

**CONCLUSION**

Because plaintiffs have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge.

The undersigned further RECOMMENDS that the newly assigned judge:

1. Grant defendants' request for judicial notice;

2. Dismiss plaintiffs' TILA claim with leave to amend;

3. Decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims and dismiss those claims without prejudice;

4. Deny as moot defendants' alternative motion for summary judgment;

5. Allow plaintiffs to file an amended complaint within fourteen days of the date of its order; and

6. If plaintiffs fail to update their address with the court by October 5, 2009, dismiss the case with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) (considering that plaintiffs never even served the defendants with the complaint) or in the alternative, without prejudice for failure to notify of address change pursuant to N.D. Cal. Civ. R. 3-11(b), and order that the associated lis pendens be expunged.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within ten days after being served.

Dated: September 1, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 09-02779 Notice will be electronically mailed to:**

William Guy Malcolm     bill@mclaw.org, melissa@mclaw.org

**Notice will be sent by other means to:**

David B Sherman
708 North Gravenstein Highway
#345
Sebastopol, CA 95472

Doris G Sherman
708 North Gravenstein Highway
#345
Sebastopol, CA 95472

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**